FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 25, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TRUDY MARTINEZ,

    Defendant - Appellant.

No. 21-2113
(D.C. No. 1:20-CR-00972-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Trudy Martinez pleaded guilty to voluntary manslaughter in Indian Country,

for which she received a nine-year sentence.  She also pleaded guilty to using and

carrying a firearm during and in relation to a crime of violence, for which she

received a mandatorily consecutive ten-year sentence.  She now appeals despite the

appeal waiver in her plea agreement, and the government moves to enforce that

waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc)

(per curiam).

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Martinez's counsel filed a response, stating he could not "discern a non-frivolous legal basis upon which to contest the motion." Resp. to Gov't Mot. to Enforce Appellate Waiver at 1. Counsel did not cite *Anders v. California*, 386 U.S. 738 (1967), nor move to withdraw, but he clearly had the *Anders* standard in mind, *see id.* at 744 ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court . . . ."). The court therefore allowed Martinez to file a pro se response, *see id.*, which she did.

Our first question when faced with a motion to enforce an appeal waiver is "whether the disputed appeal falls within the scope of the waiver." *Hahn*, 359 F.3d at 1325. In her pro se response, Martinez "ask[s] that [her] case be reconsidered for a lesser sentence" because she is reforming herself in prison and wishes to be a part of her children's lives. Letter dated Mar. 14, 2022, at 1. But Martinez's waiver applies to "any sentence . . . within the statutory maximum authorized by law." Mot. to Enforce Appellate Waiver in Plea Agreement, Ex. 1 ¶ 22. The maximum sentence for voluntary manslaughter is fifteen years, 18 U.S.C. § 1112(b), and the district court sentenced Martinez to nine years. The maximum sentence for Martinez's firearms crime is also fifteen years, *see* 18 U.S.C. § 924(j)(2) (providing that a § 924(c) violation resulting in manslaughter is punished according to the section governing manslaughter), and the district court sentenced Martinez to ten years.[1]

---

[1] The government says the maximum sentence for Martinez's § 924(c) conviction is life, but it cites 18 U.S.C. § 924(c)(1)(A)(iii), which establishes the *minimum* sentence (ten years) when the firearm is discharged, as happened here. Whether the maximum sentence is life or fifteen years, Martinez received less.

Thus, Martinez's argument that she should have received (or she now deserves) a lesser sentence falls within the scope of the waiver.

Martinez's counsel posits that Martinez might want to challenge the district court's application of a two-level guidelines enhancement based on obstruction of justice (Martinez hid the gun). We agree with counsel, however, that this argument does not fall outside the appeal waiver because Martinez's sentence on each count is below the statutory maximum despite the obstruction-of-justice enhancement.

Normally, we would go on to inquire "whether the defendant knowingly and voluntarily waived [her] appellate rights" and "whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. But we need not address a *Hahn* factor that the defendant does not dispute, *see United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005), and Martinez does not raise any argument as to these factors. Her counsel also does not posit any potential arguments. We deem Martinez to concede that her waiver was knowing and voluntary and enforcing it would not result in a miscarriage of justice.

In sum, we find this appeal falls within Martinez's appeal waiver and no other *Hahn* factor counsels against enforcement of the waiver. We therefore grant the government's motion to enforce the waiver and dismiss this appeal.

Entered for the Court
Per Curiam

3